**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **MIGUEL RODRIGUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 7:17-cv-158** |
| **STANDARD GUARANTY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Standard Guaranty Insurance Company files this Notice of Removal against Plaintiff Miguel Rodriguez ("Plaintiff") pursuant to 28 U.S.C. Sections 1441 and 1446, as follows:

### I.      COMMENCEMENT AND SERVICE

1.      The underlying lawsuit was commenced on March 1, 2017, when Plaintiff filed his Original Petition in the 370th District Court, Hidalgo County, Texas, styled Cause No. C-0978-17-G; *Miguel Rodriguez v. Standard Guaranty Insurance Company.*[1] The Original Petition improperly named American Security Insurance Company as the defendant. As a result, Plaintiff filed an amended Petition on March 31, 2017 naming Standard Guaranty as a defendant and removing American Security Insurance Company as a defendant.[2] The parties agreed that Standard Guaranty Insurance Company would accept service by email on March 31, 2017.[3]

2.      Standard Guaranty filed an answer in state court on April 24, 2017.[4]

---

[1] *See* Exhibit B-1, Original Petition.
[2] *See* Exhibit B-2, Plaintiff's First Amended Petition.
[3] *See* Exhibit A, Executed Process against Standard Guaranty Insurance Company.
[4] *See* Exhibit B-2, Defendant's Original Answer.

3.      This Notice of Removal is filed within thirty days of the receipt of service of process and is timely filed under 28 U.S.C. § 1446(b).[5]  This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

## II.      GROUNDS FOR REMOVAL

5.      Standard Guaranty is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## III.      DIVERSITY OF CITIZENSHIP

6.      This is an action with complete diversity of citizenship between Plaintiff and Defendant.

7.      Plaintiff is a citizen of Texas.[6]

8.      Defendant Standard Guaranty is organized under the laws of Delaware, with its principal place of business in Atlanta, Georgia.  Standard Guaranty is therefore a citizen of the states of Delaware and Georgia within the meaning and intent of 28 U.S.C. § 1332.[7]

9.      No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the proper parties.

## IV.      AMOUNT IN CONTROVERSY

11.      In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options.  The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or

---

[5] *See* Exhibit A, Executed Process against Standard Guaranty Insurance Company.
[6] *See* Exhibit B-2, Plaintiff's First Amended Petition., at ¶ 2; Ex. H-1, Accurint Report on Miguel Rodriguez (demonstrating that Plaintiff has resided in Texas, at least, since 1987).
[7] *See* Exhibit I, Affidavit of Carmen Collazo.

the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in controversy exceeds that amount.[8]   If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (i) looking to the defendant's removal papers or (ii) making an independent appraisal of the amount of the claim.[9]   In this Circuit, the amount in controversy is calculated by considering all potential damages.[10]   Here, Plaintiff's demand letter demonstrates that the amount in controversy exceeds $75,000. Additionally, the Court should disregard Plaintiff's nonbinding statement regarding damages.

### A.   AVAILABLE FACTS PROVE THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

12.     If this Court makes an independent appraisal of the amount of Plaintiff's claims in this case or relies on Standard Guaranty's removal papers, the Court will conclude that the amount in controversy exceeds $75,000.00.   On November 5, 2015, Plaintiff served Standard Guaranty with a letter of representation and estimate of damages for $32,179.31.[11]   Plaintiff's First Amended Petition also seeks a significant amount of additional damages including, but not limited to, extra-contractual damages, attorney's fees, statutory interest, court costs, exemplary damages, and treble damages.[12]   Here, Plaintiff's alleged treble damages alone amount to more

---

[8] *See* 28 U.S.C. § 1446((b)(3); *Addo v. Globe Life & Acc. Ins. Co*., 230 F.3d 759, 761–762 (5th Cir. 2000) (holding a post-filing demand letter as a valid basis upon which a case becomes removable).

[9] *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]"); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).

[10] *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co., Ltd v. Greenerg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs."); *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

[11] Exhibit J, November 13, 2016 Demand Letter.

[12] Exhibit B-2, Plaintiff's First Amended Petition, ¶¶ 39-47.

than $96,500.00.  Accordingly, Plaintiff's First Amended Petition and estimate establish that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

**B. PLAINTIFF CANNOT AVOID REMOVAL ON THE BASIS OF HIS NONBINDING STATEMENT OF RELIEF AND DAMAGES.**

13.     Federal courts properly disregard monetary pleadings (similar to Plaintiff's Amended Petition) in Texas for removal purposes because "the State practice…does not permit demand for a specific sum [and] permits recovery of damages in excess of the amount demanded."[13]   As in this case, "if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."[14]  This is achieved by the plaintiff "filing a legally 'binding stipulation or affidavit' with their state court complaint, stating that she affirmatively seeks less than the jurisdictional threshold *and* further stating that she will not accept an award that exceeds that threshold."[15]

14.     Plaintiff has not filed any such binding stipulation or affidavit in this case. Instead, Plaintiff included a non-binding statement in the First Amended Petition that he "seeks

---

[13] 28 U.S.C. § 1446(c)(2)(A)(ii); TEX. R. CIV. P. 47 (addressing permissible claims for relief); *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 941 (Tex. 1990) (Texas law permits post-verdict amendments to conform the amount of damages requested to that awarded by a jury); *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL5803816 (W.D. Tex. October 28, 2013) (denying remand despite stipulation of damages, stating "[a]pparently, Plaintiff believes that this rule provides her a means to avoid federal jurisdiction, yet the plain language of the rule has no provision for a plaintiff limiting her damages to $75,000 or less."); *Noyola v. State Farm Lloyds*, 7:13-CV-146, 2013 WL 3353963 (S.D. Tex. July 3, 2013) (same).

[14] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

[15] *Washington-Thomas v. Dial Am. Mktg., Inc.*, EP-12-CV-00340-DCG, 2012 WL 5287043 (W.D. Tex. Oct. 23, 2012) (quoting *De De Aguila. Boeing Co.,* 47 F.3d 1404, 1411–12 (5th Cir.1995)) (emphasis in original).  Such a standard is necessary because Texas courts permit post-verdict amendments to conform the amount of damages requested to that awarded by a jury.  *Greenhalgh*, 787 S.W.2d at 941.

monetary relief of no more than $75,000.00."[16]   First, Texas law prohibits Plaintiff from pleading a specific amount in his First Amended Petition.[17]   Second, the statement is not an affidavit, or otherwise binding in any way.  Lastly, Plaintiff did not state that he will not accept an award that exceeds $75,000.00.   Therefore, the Court should follow the above well-established law and disregard the Petition's non-binding statement regarding damages. Accordingly, the First Amended Petition and estimate establish that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

## V.   VENUE

15.   Venue lies in the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

## VI.   CONSENT TO REMOVAL

16.   No consent to removal is necessary as Standard Guaranty is the only named defendant in this lawsuit.

## VII.   NOTICE

17.   Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).  Defendant will also file with the clerk of the state court, and will serve upon Plaintiffs' counsel, a notice of the filing of this Notice of Removal.

## VIII.   STATE COURT PLEADINGS

18.   Copies of all state court pleadings and orders are attached to this Notice of Removal.

---

[16] See Exhibit B-2, Plaintiff's First Amended Petition, ¶ 48.

[17] *See* TEX. R. CIV. P. 47(b); *Coburn*, 2013 WL 2289937, at *2 ("Texas law prohibits a plaintiff from pleading for specific amounts in cases of unliquidated damages.").

## IX.    EXHIBITS TO NOTICE OF REMOVAL

19.    Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

A.  All executed process in the case;

B.  Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

1.  Plaintiff's Original Petition;

2.  Plaintiff's First Amended Petition;

3.  Standard Guaranty Insurance Company's Original Answer;

C.  All orders signed by the state judge;

D.  Docket sheet;

E.  An index of matters being filed;

F.  A list of all counsel of record, including addresses, telephone numbers and parties represented;

G.  Civil Cover Sheet;

H.  Affidavit of Pooneh Momeni;

1.  Accurint Report on Miguel Lopez.

I.  Affidavit of Carmen Collazo;

J.  November 5, 2017 Letter of Representation and Estimate.

## X.    CONCLUSION

WHEREFORE, Defendant Standard Guaranty Insurance Company, pursuant to the statutes cited herein, removes this action from the 370th District Court, Hidalgo County, Texas to this Court.

Dated:  April 28, 2017

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Federal Bar No. 975212
1001 Fannin Street, Suite 2700
Telephone:  713-337-5580
Facsimile:  713-337-8850
Brad.aiken@emhllp.com

*ATTORNEYS FOR DEFENDANT*

Of Counsel:
Pooneh A. Momeni
State Bar No. 24098123
EDISON, MCDOWELL & HETHERINGTON LLP
1001 Fannin Street, Suite 2700
Telephone:  713-337-5580
Facsimile:  713-337-8850
Pooneh.momeni@emhllp.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served on April 28, 2017, on the following counsel of record by certified mail:

Larry Lawrence
Michael Lawrence
Lawrence Law Firm
3112 Windsor Rd., Suite A234
Austin, Texas 78703

Dan Cartwright
Lory Sopchak
Cartwright Law Firm, LLP
1300 Post Oak Blvd., Suite 760
Houston, Texas 77056

*/s/ Bradley J. Aiken*
Bradley J. Aiken

-7-