# EXHIBIT B

# EXHIBIT B-1

Electronically Filed
3/1/2017 4:08:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-0978-17-G**

| | | |
|---|---|---|
| MIGUEL RODRIGUEZ | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY | § | |
| *Defendant* | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MIGUEL RODRIGUEZ,** complaining of **AMERICAN SECURITY INSURANCE COMPANY,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Hidalgo County, Texas.

3. Defendant American Security Insurance Company is a Delaware Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant American Security (hereinafter "American Security") because it is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured property is situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

Electronically Filed
3/1/2017 4:08:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0978-17-G**

## IV. FACTS

5. Plaintiff is the owner of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by American Security.

6. Plaintiff owns the insured property, located at 1019 Violet Drive, Pharr, Texas 78577 (hereinafter referred to as "the Property").

7. American Security sold the Policy insuring the property to Plaintiff.

8. On or about June 1, 2015, Plaintiff sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of June 1, 2015, a strong supercell thunderstorm moved through the Pharr, Texas area producing heavy rains, and damaging wind and hail.

9. Plaintiff submitted claims to the Defendant against the policy for damages to the Property as a result of the June 1, 2015 storm. Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiff reported the damage to the covered Property to the Defendant American Security. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the property. As a result, Plaintiff has not been paid the full value of the damages suffered to his home.

12. Defendant American Security failed to perform its contractual duties to adequately

Electronically Filed
3/1/2017 4:08:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0978-17-G**

compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant American Security has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant American Security's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

13. Defendant American Security has misrepresented to Plaintiff there was no damage to areas of the home that was damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant American Security's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant American Security's failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant American Security's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant American Security's failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant American Security failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant American Security did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant American Security's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

Electronically Filed
3/1/2017 4:08:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0978-17-G**

16. Defendant American Security's refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant American Security failed to conduct a reasonable investigation. Specifically, Defendant American Security performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant American Security's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant American Security failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant American Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant American Security failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. Defendant American Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiff presented his claim to Defendant American Security, the liability of Defendant American Security to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant American Security has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant American Security's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant American Security knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material

Electronically Filed
3/1/2017 4:08:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0978-17-G**

information from Plaintiff.

21. As a result of Defendant American Security's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant American Security

22. Defendant American Security is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant American Security's conduct constitutes a breach of the insurance contract made between Defendant American Security and Plaintiff.

24. Defendant American Security's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant American Security's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant American Security's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Farmer's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins.

Electronically Filed
3/1/2017 4:08:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0978-17-G**

Code §541.060(a)(1).

27. Defendant American Security's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant American Security's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant American Security's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

### Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

29. Defendant American Security's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant American Security's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

31. Defendant American Security's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant American Security's failure, as described above, to adequately and

Electronically Filed
3/1/2017 4:08:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0978-17-G**

reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant American Security knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### Fraud

33. Defendant American Security is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant American Security knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### VI. DAMAGES

37. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant American Security's mishandling of Plaintiff's claim in violation of the laws

Electronically Filed
3/1/2017 4:08:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0978-17-G**

set forth above.

39. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

Electronically Filed
3/1/2017 4:08:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0978-17-G**

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include his past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. In accordance with Rule 47, as amended, and with the information currently available, Plaintiff seeks monetary relief of no more than $75,000.00.

### VII. WRITTEN DISCOVERY

#### Requests for Disclosure

49. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

#### Plaintiff's 1st Requests for Production to Defendant American Security

50. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b),

Electronically Filed
3/1/2017 4:08:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0978-17-G**

consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

51. Please produce all non-privileged emails and other forms of communication between American Security, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

52. Produce any complete file (excluding all privileged portions) in American Security's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in Plaintiff's Original Petition, relating to or arising out of any claim for damages which American Security opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

53. Produce the complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

54. Produce all emails and other forms of communication between American Security and and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in American Security's possession. Please produce a privilege log for any items withheld on a claim of privilege.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the

Electronically Filed
3/1/2017 4:08:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0978-17-G**

Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition,

Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs

of Court on his behalf expended, for prejudgment and post-judgment interest as allowed by law,

and for any other and further relief, either at law or in equity, to which he will show himself

justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By: _____

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)

Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFF

Electronically Filed
3/1/2017 4:08:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0978-17-G**

# EXHIBIT B-2

Electronically Filed
3/31/2017 3:44 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

**CAUSE NO. C-0978-17-G**

| | | |
|---|---|---|
| MIGUEL RODRIGUEZ | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | 370th  JUDICIAL DISTRICT |
| | § | |
| STANDARD GUARANTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant* | § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MIGUEL RODRIGUEZ,** complaining of **STANDARD GUARANTY INSURANCE COMPANY,** and for cause of action would show:

**I. DISCOVERY**

1.  This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

**II. PARTIES**

2.  Plaintiff is a resident of Hidalgo County, Texas.

3. Defendant Standard Guaranty Insurance Company is a Delaware Corporation engaging in the business of insurance in the State of Texas.  The defendant may be served with process by serving Pooneh A. Momeni, Edison, McDowell & Hetherington LLP, 1001 Fannin Street, Suite 2700, Houston, Texas 77002.

**III. JURISDICTION & VENUE**

4. The subject matter in controversy is within the jurisdictional limits of this court.  The court has jurisdiction over Defendant Standard Guaranty Insurance Company (hereinafter "Standard Guaranty") because it is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured property is situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

Electronically Filed
5/31/2017 3:44 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

## IV. FACTS

5. Plaintiff is the owner of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Standard Guaranty.

6. Plaintiff owns the insured property, located at 1019 Violet Drive, Pharr, Texas 78577 (hereinafter referred to as "the Property").

7. Standard Guaranty sold the Policy insuring the property to Plaintiff.

8. On or about June 1, 2015, Plaintiff sustained extensive physical damage to the insured Property.  During the late afternoon and evening hours of June 1, 2015, a strong supercell thunderstorm moved through the Pharr, Texas area producing heavy rains, and damaging wind and hail.

9. Plaintiff submitted claims to the Defendant against the policy for damages to the Property as a result of the June 1, 2015 storm.  Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiff reported the damage to the covered Property to the Defendant Standard Guaranty.  The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff.  Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the property.  As a result, Plaintiff has not been paid the full value of the damages suffered to his home.

12. Defendant Standard Guaranty failed to perform its contractual duties to adequately

Electronically Filed
5/31/2017 3:44 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

compensate Plaintiff under the terms of the policy.  In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Standard Guaranty has categorically refused to pay the full proceeds available under the policy.  Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Standard Guaranty's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

13. Defendant Standard Guaranty has misrepresented to Plaintiff there was no damage to areas of the home that was damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full.  Defendant Standard Guaranty's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant Standard Guaranty's failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.  Defendant Standard Guaranty's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant Standard Guaranty's failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement.  Specifically, Defendant Standard Guaranty failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Standard Guaranty did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Standard Guaranty's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

Electronically Filed
5/31/2017 3:44 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

16. Defendant Standard Guaranty's refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Standard Guaranty failed to conduct a reasonable investigation. Specifically, Defendant Standard Guaranty performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant Standard Guaranty's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant Standard Guaranty failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Standard Guaranty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant Standard Guaranty failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. Defendant Standard Guaranty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiff presented his claim to Defendant Standard Guaranty, the liability of Defendant Standard Guaranty to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Standard Guaranty has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Standard Guaranty's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant Standard Guaranty knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material

Electronically Filed
3/31/2017 3:44 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

information from Plaintiff.

21. As a result of Defendant Standard Guaranty's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Standard Guaranty

22. Defendant Standard Guaranty is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant Standard Guaranty's conduct constitutes a breach of the insurance contract made between Defendant Standard Guaranty and Plaintiff.

24. Defendant Standard Guaranty's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Standard Guaranty's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant Standard Guaranty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a).  All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Farmer's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins.

Electronically Filed
3/31/2017 3:44 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

Code §541.060(a)(1).

27. Defendant Standard Guaranty's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Standard Guaranty's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant Standard Guaranty's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(3).

### Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

29. Defendant Standard Guaranty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant Standard Guaranty's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

31. Defendant Standard Guaranty's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant Standard Guaranty's failure, as described above, to adequately and

Electronically Filed
3/31/2017 3:44 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Standard Guaranty knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### Fraud

33.  Defendant Standard Guaranty is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant Standard Guaranty knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VI. DAMAGES

37. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant Standard Guaranty's mishandling of Plaintiff's claim in violation of the laws

Electronically Filed
3/31/2017 3:44 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

set forth above.

39. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

Electronically Filed
3/31/2017 3:44 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include his past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages.  Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. In accordance with Rule 47, as amended, and with the information currently available, Plaintiff seeks monetary relief of no more than $75,000.00.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

49. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiff's 1st Requests for Production to Defendant Standard Guaranty

50. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc.  If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b),

Electronically Filed
3/31/2017 3:44 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

51. Please produce all non-privileged emails and other forms of communication between Standard Guaranty, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

52. Produce any complete file (excluding all privileged portions) in Standard Guaranty's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in Plaintiff's Original Petition, relating to or arising out of any claim for damages which Standard Guaranty opened a claim under any policy.  Please produce a privilege log for any portions withheld on a claim of privilege.

53. Produce the complete claim or adjusting file for Plaintiff's property.  Please produce a privilege log for any portions withheld on a claim of privilege.

54. Produce all emails and other forms of communication between Standard Guaranty and and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.  This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in Standard Guaranty's possession.  Please produce a privilege log for any items withheld on a claim of privilege.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the

Electronically Filed
3/31/2017 3:44 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he will show himself justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By: /s/ Michael A. Lawrence

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)

Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFF

# EXHIBIT B-3

Electronically Filed
4/24/2017 9:10:48 AM
Hidalgo County District Clerks
Reviewed By: Juan Cavazos

CAUSE NO.  C-0978-17-G

| MIGUEL RODRIGUEZ, | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 370TH JUDICIAL DISTRICT |
| | § | |
| STANDARD GUARANTY INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Standard Guaranty Insurance Company files this Original Answer and Request for Disclosure against Plaintiff Miguel Rodriguez ("Plaintiff") as follows:

### I.
### GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Defendant assert a general denial to all claims and causes of action asserted by Plaintiff and demand strict proof thereof by a preponderance of the evidence.

### II.
### VERIFIED DENIAL

2.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has no legal capacity to sue and/or Plaintiff is not entitled to recovery in the capacity in which he sues.

### III.
### AFFIRMATIVE DEFENSES

3.     Plaintiff's claims are barred, in whole or in part, because paragraph 2(a)(1) of the "Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a fence; pavement, patio or swimming pool.

4.     Plaintiff's claims are barred, in whole or in part, because paragraph 2(a)(2) of the

Electronically Filed
4/24/2017 9:10:48 AM
Hidalgo County District Clerks
Reviewed By: Juan Cavazos

"Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a foundation, retaining wall or bulkhead.

5.     Plaintiff's claims are barred, in whole or in part, because paragraph 2(c) in the "Perils Insured Against" section of the policy excludes losses caused by constant or repeated seepage or leakage of water or steam over a period of weeks, months or years from within a plumbing, heating, air conditioning, or automatic fire protective sprinkler system or from within a household appliance.

6.     Plaintiff's claims are barred, in whole or in part, because paragraph 2(d)(1) of the "Perils Insured Against" section of the policy excludes losses caused by wear and tear, marring, or deterioration.

7.     Plaintiff's claims are barred, in whole or in part, because paragraph 2(d)(3) of the "Perils Insured Against" section of the policy excludes losses caused by smog-rust, mold, or wet or dry rot.

8.     Plaintiff's claims are barred, in whole or in part, because paragraph 2(d)(6) of the "Perils Insured Against" section the applicable policy excludes losses caused by settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs, or ceilings.

9.     Plaintiff's claims are barred, in whole or in part, because paragraph 2(d)(7) of the "Perils Insured Against" section of the policy excludes losses caused by birds, vermin, rodents, insects, or domestic animals.

10.    Plaintiff's claims are barred, in whole or in part because paragraph 3(c) of the "Perils Insured Against" section the policy excludes losses caused, directly or indirectly (regardless of any other cause or event contributing concurrently or in any sequence to the loss)

Electronically Filed
4/24/2017 9:40:48 AM
Hidalgo County District Clerks
Reviewed By: Juan Cavazos

by water damage, meaning: (a) flood, surface water, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; (b) water which backs up through sewers or drains, including water emanating from a sump, pump, sump pump well or similar device designed to prevent overflow, seepage or leakage of subsurface water; or (c) water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

11.     Plaintiff's claims are barred, in whole or in part, because paragraph 2(c) of the "Coverages" section of the policy excludes any coverage for fences, retaining walls not constituting a part of buildings, walks, roadways and other paved surfaces.

12.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacked standing to assert the claims presented in the First Amended Petition.

13.     Defendant reserve their right to arbitrate this matter pursuant to a valid and controlling arbitration clause.

14.     Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

15.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim or cause of action for punitive damages.

16.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

17.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has no privity of contract with Defendant.

18.     Plaintiff's claims are barred, in whole or in part, by statutes of limitations and/or

Electronically Filed
4/24/2017 9:10:48 AM
Hidalgo County District Clerks
Reviewed By: Juan Cavazos

the doctrine of laches.

19.     Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

20.     Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

21.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

22.     Plaintiff's claims are barred, in whole or in part, because Defendant never sold the Policy to the Plaintiff.

23.     Plaintiff's claims are barred, in whole or in part, because the damage sustained by Plaintiff is not covered under the Policy procured by Plaintiff's home mortgage lender.

24.     Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

25.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff has failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code and DTPA.

26.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a consumer as required by the DTPA.

27.     Plaintiff's claims are barred, in whole or in part, by the specific terms of the Policy contract.

28.     Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part, because Defendant' liability to Plaintiff was not reasonably clear.  A bona fide controversy existed

Electronically Filed
4/24/2017 9:10:48 AM
Hidalgo County District Clerks
Reviewed By: Juan Cavazos

and continues to exist concerning Plaintiff's entitlement to insurance proceeds from Defendant, and Defendant' liability, if any, has never become reasonably clear.  Accordingly, Defendant had a reasonable basis for denying Plaintiff's claim.

29.     Defendant aver that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to them under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

30.     Imposition of punitive damages in this case would constitute a violation of Defendant' constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

31.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiff is not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

32.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

Electronically Filed
4/24/2017 9:10:48 AM
Hidalgo County District Clerks
Reviewed By: Juan Cavazos

33.     Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant are entitled to the same procedural and substantive safeguards afforded to criminal Defendant.

34.     Defendant aver that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against them, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

35.     It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

36.     Defendant aver that any award of punitive damages to Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

37.     It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

a.      Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

b.      Defendant are being compelled to be a witness against themselves in a

Electronically Filed
4/24/2017 9:30:48 AM
Hidalgo County District Clerks
Reviewed By: Juan Cavazos

proceeding essentially and effectively criminal in nature, in violation of its rights to due process;

c.    The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant' rights to due process;

d.    That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant are being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

38.    Plaintiff has sustained no injury from the alleged conduct of Defendant.

39.    Plaintiff's claims are barred, in whole or in part, because Defendant' claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

40.    Plaintiff's claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiff may have failed to act in good faith.

41.    There has been no reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

42.    Plaintiff is not entitled to the recovery of attorneys' fees and has failed to provide the statutory notices required to show entitlement to the same.

43.    Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an unreasonably excessive demand upon Defendant.

Electronically Filed
4/24/2017 9:50:48 AM
Hidalgo County District Clerks
Reviewed By: Juan Cavazos

44.     Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an excessive demand upon Defendant in bad faith.

45.     Defendant expressly reserve and preserve any and all rights they may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

**IV.**
**REQUESTS FOR DISCLOSURE**

46.     Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)-(i).

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Pooneh A. Momeni
    State Bar No. 24098123

1001 Fannin Street, Suite 2700
Telephone:  713-337-5580
Facsimile:  713-337-8850
Brad.aiken@emhllp.com
Pooneh.momeni@emhllp.com

*ATTORNEYS FOR DEFENDANT*

Electronically Filed
4/24/2017 9:10:48 AM
Hidalgo County District Clerks
Reviewed By: Juan Cavazos

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on April 24, 2017, on the following counsel of record by eServe and/or certified mail, return receipt requested:

| | |
|---|---|
| Larry Lawrence | Dan Cartwright |
| Michael Lawrence | Lory Sopchak |
| Lawrence Law Firm | Cartwright Law Firm, LLP |
| 3112 Windsor Rd., Suite A234 | 1300 Post Oak Blvd., Suite 760 |
| Austin, Texas 78703 | Houston, Texas 77056 |

*/s/ Pooneh A. Momeni*
Pooneh A. Momeni